UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
THOMAS A. BUTTARO, SEYMOUR
ROSENBERG, and ALICIA FERRARO,
on behalf of themselves and all others
similarly situated,

                             Plaintiffs,               <u>MEMORANDUM AND ORDER</u>

   -against-                         CV 14-353 (LDW) (SIL)

AFFILIATED COMPUTER SERVICES,
INC. and SUFFOLK COUNTY TRAFFIC
AND PARKING VIOLATIONS AGENCY,

                            Defendants.
-----------------------------------------------------X
Wexler, J.

      Plaintiffs Thomas A. Buttaro, Seymour Rosenberg, and Alicia Ferraro, on behalf

of themselves and all others similarly situated, bring this action against defendants

Affiliated Computer Services, Inc. ("ACS") and Suffolk County Traffic and Parking

Violations Agency ("TPVA"), an agency of Suffolk County, New York ("Suffolk

County").  By their Amended Class Action Complaint ("Amended Complaint"), plaintiffs

assert a federal claim under 42 U.S.C. § 1983 for violation of substantive due process

under the United States Constitution, as well as supplemental state law claims for

violation of New York Civil Rights Law § 11 and for unjust enrichment.  Plaintiffs also

assert federal subject matter jurisdiction under the Class Action Fairness Act ("CAFA"),

28 U.S.C. § 1332(d).  Plaintiffs seek monetary, declaratory, and injunctive relief.

Presently before the Court are defendants' renewed motions to dismiss the Amended

Complaint under Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and 12(b)(6).

## I. BACKGROUND

For purposes of this decision, the relevant background can be summarized as follows. By local law, Suffolk County, through the TPVA, implemented a red-light camera program ("RLCP") with substantial assistance from ACS, a Dallas, Texas-based company. Amended Complaint ¶¶ 7-12. A red-light camera system utilizes a camera, vehicle sensors, and traffic control signals to produce images of vehicles disregarding red lights. *Id.* ¶ 11. ACS installed and operated key aspects of Suffolk County's RLCP, including monitoring red-light cameras and issuing tickets to supposed violators. *Id.* ¶ 12. In return, Suffolk County paid ACS approximately 42% of all RLCP ticket revenue and 50% of all late fees. *Id.* ¶ 21. Plaintiffs claim that defendants, motivated to increase revenue, shortened yellow-light times below legally required levels, *see* N.Y. Veh. & Traf. Law § 1680(a) (incorporating the National Manual on Uniform Traffic Control Devices), resulting in an increase in the number of tickets and rear-end collisions. *Id.* ¶¶ 13, 15, 17-20, 22, 26-29; *see also id.* ¶¶ 23, 25 (alleging that "audit figures" show that rear-end collisions in Suffolk County have increased 20% per year since installation of red-light cameras, "as drivers slam the brakes in response to impermissibly short yellow light intervals"). Plaintiffs were ticketed for running red lights between 2011 and 2013; and each paid a fine and fee totaling $80. *Id.* ¶¶ 6, 30-42.

In January 2014, plaintiffs brought this action, eventually filing the Amended Complaint. Both defendants moved to dismiss the Amended Complaint. Plaintiffs opposed the motions. After the motions were submitted, the Court stayed the action pending resolution of an appeal in *Leder v. American Traffic Solutions, Inc.*, 81. F. Supp. 3d 211 (E.D.N.Y.) (Spatt, J.), *aff'd* 630 Fed. Appx. 61 (2d Cir. 2015), a case involving a red-light camera program in Nassau County, New York. Upon determination of that appeal, defendants renewed their motions to dismiss, and the parties submitted supplemental papers.

## II. DISCUSSION

### A. Motion to Dismiss Standards

In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court held that to avoid dismissal a plaintiff is required to plead enough facts "to state a claim for relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678-80 (2009). While heightened factual pleading is not required, *Twombly* holds that a "formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. On a motion to dismiss, the court must, as always, assume that all allegations in the complaint are true and draw all reasonable inferences in favor of the nonmoving party. *Plair v. City of New York*, 789 F. Supp. 2d 459, 463 (S.D.N.Y. 2011). However, the court must ensure that the complaint sets forth "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see Ruston v. Town Bd. for Town of Skaneateles*, 610 F.3d 55, 57 (2d Cir. 2010). A pleading that

does nothing more than recite the elements of a claim, supported by mere conclusory statements, is insufficient to "unlock the doors of discovery." *Iqbal,* 556 U.S. at 678.  Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679.

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  In deciding a FRCP 12(b)(1) motion, the court "may refer to evidence outside the pleadings." *Id.*  Notably, "[t]he standard for reviewing a [FRCP]12(b)(1) motion to dismiss is essentially identical to the [FRCP]12(b)(6) standard," except that '[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists.' " *Taylor v. New York State Office for People with Developmental Disabilities*, 2014 WL 1202587, at *3 (N.D.N.Y. Mar. 14, 2014) (quoting *Makarova*, 201 F.3d at 113).

B.  Substantive Due Process Claim

To state a substantive due process claim, a plaintiff must plead the deprivation of a valid property right based on government action that was " 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.' " *Pena v. DePrisco*, 432 F.3d 98, 112 (2d Cir. 2005) (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8 (1998)).  Plaintiffs' substantive due process claim is based on their allegation that defendants intentionally shortened yellow-light times below that required by state law to increase revenue from the RLCP.  Defendants argue that plaintiffs fail to state a claim for violation of substantive due process.  This Court agrees.  As the Second Circuit has

cautioned, "[s]ubstantive due process protects individuals against government action that is arbitrary, conscience-shocking, or oppressive in a constitutional sense, but not against government action that is incorrect or ill-advised." *Lowrance v. Achtyl,* 20 F.3d 529, 537 (2d Cir. 1994) (internal citations and quotation marks omitted). As the Second Circuit has also explained, "substantive due process does not entitle federal courts to examine every alleged violation of state law, especially ones that, while perhaps vexatious, are more routine than egregious." *Kuck v. Danaher,* 600 F.3d 159, 167 (2d Cir. 2010). Even assuming that plaintiffs have somehow alleged an adequate "property interest" based on having to pay $80 in fines and fees, plaintiffs' claim of shorter yellow-light times than required by state law does not assert conduct so "arbitrary, conscience-shocking, or oppressive" as to support a viable substantive due process claim. *See Leder*, 630 Fed. Appx. 61, 63 (2d Cir. 2015) (summary order) (affirming dismissal of substantive due process claim stemming from similar challenge to red-light camera program in Nassau County, New York). Accordingly, plaintiffs' substantive due process claim is dismissed.[1]

C.  Mandatory Exception Under CAFA

As for the Court's jurisdiction under CAFA, the Court finds that CAFA's mandatory "local controversy" exception to this Court's exercise of subject matter jurisdiction is applicable. *See* 28 U.S.C. § 1332(d)(4)(A). Under this provision, a district

---

[1]Defendants raise other grounds for dismissal, including, *inter alia*, lack of standing, lack of jurisdiction under the *Rooker-Feldman* doctrine, and claim/issue preclusion. Given that plaintiffs fail to state a claim for violation of substantive due process, the Court does not reach defendants' other grounds for dismissal.

court "shall" decline to exercise jurisdiction

> (A)(i) over a class action in which–
>
>> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>>
>> (II) at least 1 defendant is a defendant–
>>
>>> (aa) from whom significant relief is sought by members of the plaintiff class;
>>>
>>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>>
>>> (cc) who is a citizen of the State in which the action was originally filed; and
>>
>> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; . . . .

*Id.* In support of Suffolk County's motion to dismiss, Assistant County Attorney Richard

Weinschenk declares that: (1) greater than two-thirds of proposed class members are

citizens of New York; (2) the named plaintiffs claim to be citizens of New York; (3) the

claimed injuries were incurred in New York; and (4) during the three-year period before

commencement of this action, no other class action has been filed against Suffolk County

asserting the same or similar factual allegations.  Declaration of Richard Weinschenk,

dated October 17, 2016, ¶ 2.  Although plaintiffs suggest that they should be allowed

discovery on these issues, they do not specifically challenge any of these assertions.

Indeed, the named plaintiffs do not dispute that they are all from New York and that the

principal injuries from defendants' alleged conduct were incurred in New York.  In

addition, it seems highly likely that greater than two-thirds of proposed class members

would be citizens of New York, given that the red-light cameras at issue are located in

Suffolk County–and, more importantly, plaintiffs do not suggest otherwise.  Furthermore,

plaintiffs do not question that during the three-year period before commencement of this

action, no other class action has been filed against Suffolk County asserting the same or

similar factual allegations, and they do not suggest that such an action was brought

against ACS.  Lastly, plaintiffs seek significant relief from Suffolk County and Suffolk

County's conduct allegedly forms a significant basis for the claims of the proposed class.

Accordingly, the Court declines to exercise subject matter jurisdiction under CAFA.

D.  Supplemental State Law Claims

In light of the dismissal of the substantive due process claim and the Court's lack

of jurisdiction under CAFA, the Court declines to exercise supplemental jurisdiction over

the state law claims for violation of New York Civil Rights Law § 11and for unjust

enrichment. *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine–judicial economy, convenience, fairness, and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims."). Accordingly, the state law claims are dismissed without prejudice.

III. <u>CONCLUSION</u>

For the above reasons, defendants' motion to dismiss is granted to the extent that plaintiffs' substantive due process claim is dismissed with prejudice, and plaintiffs' state law claims for violation of New York Civil Rights Law § 11and for unjust enrichment are dismissed without prejudice. The Clerk of Court is directed to close the file.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
        December 2, 2016